UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DE'SEAN GOODMAN<br>6503 Marshall Road<br>Mayfield Heights, Ohio 44124<br>On behalf of himself and all others<br>similarly situated,<br><br>    Plaintiff,<br> v.<br><br>SYNAPTIC, INC.<br>c/o Statutory Agent Amany Abdelhady<br>2 Summit Park Drive, Suite 150<br>Independence, OH 44131<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE:<br><br><br><br>**PLAINTIFF'S CLASS AND**<br>**COLLECTIVE ACTION**<br>**COMPLAINT UNDER THE FAIR**<br>**LABOR STANDARD ACT** |

Plaintiff De'Sean Goodman, through counsel, respectfully files this Class and Collective Action Complaint against Defendant, stating and alleging as follows.

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and Section 34a of Article II of the Ohio Constitution.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio's constitution (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio's wage-and-hour statutes because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, one or more of the Defendants reside in this district, and all of the Defendants reside in Ohio.

## PARTIES

7. At all times relevant, Plaintiff Desean Goodman was a citizen of the United States. He worked as a W-2 employee of Defendant as a non-exempt, hourly salesperson from August 2023 through November 2024.

8. Defendant Synaptic, Inc. is a Missouri corporation that does business throughout the State of Ohio, including in Independence, Ohio, which is its principal place of business within this state.

## FACTUAL ALLEGATIONS

### Defendant's Status as an "Employer"

9. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), as well as the overtime compensation provisions of Ohio law.

10. Defendant's non-exempt employees included Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class.

11. At all times relevant, Defendant conducted an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Plaintiff and Potential Opt-Ins/Class Members' Status as Non-Exempt Employees**

12. Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class are current or former hourly salespersons working for Defendant within the State of Ohio.

13. Plaintiff was employed by Defendant to sell AT&T products at BJ's Wholesale Club stores throughout Northeast Ohio. Specifically, his daily job duties took him to Defendant's Ohio headquarters in Independence, and to the BJ's Wholesale Club stores in Akron, Strongsville, Warrensville, Middleburgh Heights.

14. The Potential Opt-Ins and Ohio Class members all worked for Defendant selling AT&T products in BJ's Wholesale Club stores and Costco Wholesale stores throughout Ohio.

15. Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class were paid an hourly wage by Defendant, along with bonuses and commissions paid for meeting certain sales incentives.

16. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were at all times non-exempt employees entitled to minimum wages and overtime compensation for all hours worked

over forty in a workweek. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members frequently worked more than forty hours in a single workweek.

### Defendant's Unlawful Pay Practices

17. At all times relevant, Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class were compensated at an hourly rate at or close to Ohio's minimum wage.

18. Most workdays, Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class started their days in Defendant's offices, and then would drive to the BJ's Wholesale Club stores and/or Costco Wholesale stores at which they performed their sales duties.

19. The primary job duties of Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class involved maintaining and paying for operable, safe, and legally compliant automobiles for required intraday work travel.

20. Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class were thus required by Defendant to incur and pay for job-related expenses including, but not limited to automobile costs and depreciation, gasoline and/or charging expense, automobile maintenance and parts, automobile insurance, cell phone costs, GPS charges, and cost of other equipment necessary to complete their job duties while working for Defendant.

21. Defendant does not keep track of its employees' actual automobile-related expenses or reimburse employees for their automobile-related expenses.

22. Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class typically engage in at least tens, and usually hundreds of miles of intraday travel each workweek.

23. As stated above, Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class were paid hourly rates at or near minimum wage. Indeed, Plaintiff was paid $10.45 – Ohio's minimum wage - in 2024.

24. Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class often received little or no commissions or bonuses per week.

25. As a result of the pay practices described in the preceding paragraphs, Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class were deprived of legally mandated minimum wages and overtime pay.

26. The unreimbursed automobile expenses incurred by Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class Defendants unlawfully "kicked back" to Defendant in amounts sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

27. Defendant's wage violations were willful. In fact, Plaintiff attempted to raise issues with management, and his concerns were ignored.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

30. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All present and former non-exempt salespersons working for Defendant in Ohio in the three years preceding the filing of this lawsuit.

31. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendants' unlawful pay practices regarding automobile expenses, resulting in failure to pay

minimum wages as well as overtime compensation at the rate of one and one-half times their regular rate for all hours worked in excess of forty hours per workweek. All have the same claims against Defendant for unpaid minimum wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

32. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

33. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 40 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under Ohio's Constitution (the "Ohio Class"), defined as:

> All present and former non-exempt salespersons working for Defendant in Ohio in the three years preceding the filing of this lawsuit.

36. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 40 persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain,

6

pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

37. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant's practice with regard to reimbursement of work expenses violated Ohio law.
>
> Whether Defendant failed to pay Class Members minimum wages on a weekly basis.
>
> Whether Defendant violated Ohio law by failing to timely to pay Class Members for all hours worked on a semi-monthly basis and never otherwise rectified that failure to pay in a timely manner, as required by law.
>
> Whether Defendant kept adequate records of the hours worked by Plaintiff and the other class members.

38. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

39. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

40. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Minimum Wage and Overtime Violations)**

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff brings this claim for violation of the FLSA's minimum wage and overtime provisions on behalf of herself and the Potential Opt-Ins. Plaintiff Desean Goodman's written consent to becoming a party to this action pursuant to § 216(b) is attached hereto as Exhibit 1.

44. The FLSA required Defendant to pay its non-exempt employees at least the minimum wage, and to pay them overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

45. Defendant failed to pay minimum wages and overtime compensation to Plaintiff and the Potential Opt-Ins, in violation of the FLSA.

46. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

47. As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive minimum wages and overtime compensation due to

them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid minimum wages and overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Minimum Wage Violations)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. The Ohio Fair Minimum Wage Amendment ("OMFWA"), Ohio Constitution art. II, § 34a, required Defendant to pay its employees at least Ohio's minimum wage for all hours worked in a workweek.

50. Defendant regularly failed to pay minimum wages to Plaintiff and the Ohio Class Members, in violation of the OMFWA. The OMFWA entitles them to "equitable and monetary relief" including "two times the amount of the back wages."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages,

  as well as liquidated damages in an equal amount;

E. Award compensatory damages to Plaintiff and the Ohio Class in the amount of their unpaid wages, as well as twice that amount in liquidated damages;

F. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)
Kathleen R. Harris (0088079)
4106 Bridge Avenue
Cleveland, Ohio 44113
Tel: 216-222-2222
Fax: 888-604-9299
scott@tittlelawfirm.com
katie@tittlelawfirm.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)
Kathleen R. Harris (0088079)
